## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOOLGEN, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civ.A.No.: 1:25-cv-13441 |
| VERTEX PHARMACEUTICALS, INC., VERTEX PHARMACEUTICALS (CANADA) INCORPORATED, VERTEX PHARMACEUTICALS (EUROPE) LIMITED, VERTEX PHARMACEUTICALS (IRELAND) LIMITED, CRISPR THERAPEUTICS AG, CRISPR THERAPEUTICS INC., LONZA GROUP AG, LONZA NETHERLANDS B.V., ROSLIN CELL THERAPIES LIMITED, ROSLINCT US HOLDINGS, LLC, CHARLES RIVER LABORATORIES INC., AND BIOMAY AG | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

### STIPULATION AND [PROPOSED] ORDER DISMISSING DEFENDANT CHARLES RIVER LABORATORIES INC. WITHOUT PREJUDICE AND AMENDING CAPTION TO REFLECT SAME

This stipulation is made by and between ToolGen, Inc. ("ToolGen"), and Charles River Laboratories Inc. ("Charles River"):

WHEREAS ToolGen filed a Complaint against Charles River in the above-captioned case (the "Action") for infringement of U.S. Patent No. 12,473,559 in which ToolGen alleges that Charles River entered into a commercial supply agreement with defendant Vertex Pharmaceuticals, Inc. ("Vertex Inc.") for the manufacture of exagamglogene autotemcel gene therapy product ("Casgevy®") in the United States market;

WHEREAS ToolGen has not served Charles River with the Complaint or summons in

1

this Action, and Charles River has not answered or otherwise responded to the Complaint;

WHEREAS Charles River has provided ToolGen with a Declaration representing that it terminated its commercial supply agreement with Vertex Inc. for the manufacture of Casgevy® on behalf of Vertex Inc. and ceased all manufacture of Casgevy® under that agreement prior to the filing of this Action (*see* Ex. 1, attached hereto);

WHEREAS in good faith reliance on the representations Charles River has made to ToolGen through the aforementioned Declaration and in consideration of the further assurances and stipulations by Charles River set forth below, ToolGen has agreed to the dismissal without prejudice of Charles River from the Action;

NOW THEREFORE ToolGen and Charles River by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate and agree as follows:

1. Charles River agrees that it will preserve for the duration of the Action any and all documents and things reasonably concerning or related to Casgevy®, including but not limited to any designated documents, electronically stored information, or other tangible things as defined in or equal in scope to how those terms are defined in Federal Rule of Civil Procedure 34(a) and Local Rule 26.5(c)(1)-(2), (7). This stipulation does not enlarge Charles River's obligation to preserve such documents and things arising from it being named a defendant in the Complaint.

2. Charles River agrees to cooperate with ToolGen's discovery requests related to the Action, accept service of any and all subpoenas directed to Charles River under Federal Rule of Civil Procedure 45 from ToolGen related to the Action, and submit to the jurisdiction of the United States District Court for the District of Massachusetts in connection with any proceedings relating to any such subpoenas. ToolGen agrees that it will not demand that Charles River do any

bulk data collection or production and, instead, that Charles River may respond to ToolGen's discovery requests with targeted collection of specific documents and things.  This stipulation does not waive any of Charles River's rights, privileges, or immunities, including under Federal Rule of Civil Procedure 45 or any other Federal Rule of Civil Procedure or Evidence.

3. ToolGen hereby dismisses without prejudice Charles River from the Action, pursuant to Federal Rule of Civil Procedure 41(a)(1).

4. The case caption for the Action shall be amended to remove "Charles River Laboratories, Inc." as a named defendant.

**WHEREFORE**, for the aforementioned reasons, the parties respectfully request that the Court order the Clerk to remove Charles River Laboratories, Inc. as a named defendant in the Action.

Respectfully submitted,

| | |
|---|---|
| /s/ Benjamin M. Stern | /s/ Chelsea A. Loughran |
| Benjamin M. Stern (BBO# 646778) | Chelsea A. Loughran (BBO# 672017) |
| NUTTER, MCCLENNEN & FISH, LLP | Stuart V. C. Duncan Smith (BBO# 687976) |
| 155 Seaport Blvd. | WOLF, GREENFIELD & SACKS, P.C. |
| Boston, MA 02210 | 600 Atlantic Avenue |
| Tel: (617) 439-2000 | Boston, MA 02210 |
| Fax: (617) 310-9542 | Tel: (617) 646-8000 |
| bstern@nutter.com | Fax: (617) 646 8646 |
| | cloughran@wolfgreenfield.com |
| OF COUNSEL: | sduncansmith@wolfgreenfield.com |

Prajakta A. Sonalker (*pro hac vice* forthcoming)
Melinda R. Roberts (*pro hac vice* forthcoming)    *Attorneys for Charles River Laboratories Inc.*
Gregory J. Manas (*pro hac vice* forthcoming)
VENABLE LLP
151 W 42nd Street
New York, NY 10036
Tel: (212) 218-2100
Fax: (212)-218-2200
Pasonalker@venable.com
Mrroberts@venable.com
Gjmanas@venable.com

*Attorneys for ToolGen, Inc.*

Dated:  December 24, 2025